UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI HOLBEN,

   Plaintiff,           Case No: 1:10-cv-567

v                 HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
_____/

**OPINION AND ORDER**

  Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to discontinue her Disability Insurance Benefits (DIB). 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. Defendant filed a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which Plaintiff objects. The Court denies the objection and enters this Opinion and Order.

  Plaintiff presents one objection: her argument that this Court should reject the Magistrate Judge's recommendation to affirm the ALJ because the ALJ failed to properly analyze the opinion of her treating physician, neurologist Timothy K. Thoits, M.D. In this regard, Plaintiff highlights one of the ALJ's reasons for finding Dr. Thoit's opinion "not controlling," to wit: the inconsistency between his opinion and his treatment notes (Objs., Dkt 11 at 3). Relying on *Johnson v. Comm'r*

*of Social Security*, ___ F.3d ___, 2011 WL 2652192 (6th Cir. July 8, 2011), Plaintiff argues that the disconnect between Dr. Thoits' treatment notes and opinion "clearly is not a sufficient reason to dismiss the opinion of a treating specialist, especially when he has testified twice as to the basis of his opinion that Plaintiff could not perform substantial gainful activity (SGA)" (*id.* at 3-4).

Defendant responds that the ALJ was not obligated to accept Dr. Thoits' disability determination (Resp., Dkt 12 at 1). Defendant points out that the determination of disability is ultimately the prerogative of the Commissioner, not a treating physician (*id.*, citing *Warner v. Comm'r of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004)). Defendant opines that the "complete reversal" of position between Dr. Thoits' treatment notes and his contrary statements to Plaintiff's lawyer about Plaintiff's condition "strongly suggests that he was attempting to aid Plaintiff's disability claim when he gave a statement to Plaintiff's counsel" (*id.* at 3).

The applicable regulation, 20 C.F.R. § 404.1527(d)(2), provides that "[g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." The regulation further provides that "*[i]f* we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(d)(2) (emphasis added). Last, the regulation provides that when the ALJ does not give

the treating source's opinion controlling weight, the ALJ will apply certain factors delineated therein and give "good reasons" for the weight given to a treating source's opinion. *Id.*

The procedural "good reason" rule serves both to ensure adequacy of review and to permit the claimant to understand the disposition of her case. *Kalmbach v. Comm'r of Social Sec.*, 409 F. App'x 852, 860 (6th Cir. 2011). The requirement of reason-giving lets claimants understand the disposition of their cases, particularly in situations where a claimant knows that her physician has deemed her disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

In *Johnson*, 2011 WL 2652192, at *5-6, the facts of which Plaintiff contends "precisely parallel" her case, the Sixth Circuit recited these procedural requirements and decided that the record before it contained enough objective medical evidence to support the conclusions reached by the treating physician. Here, however, the Court agrees with Defendant that the Magistrate Judge properly determined that the facts at bar do not compel the same result. As summarized by the Magistrate Judge, the ALJ found that Dr. Thoits' opinion was contradicted by not only his contemporaneous treatment notes, which indicated that Plaintiff's headaches were well controlled with medication and other conservative measures, but also contradicted by Plaintiff's reported activities and the medical evidence, which similarly revealed that Plaintiff's headaches were now well-controlled (R & R, Dkt 10 at 10-11). The Magistrate Judge properly concluded that, in sum, the ALJ articulated good reasons, supported by substantial evidence in the record, for affording less than controlling weight to Dr. Thoits' opinion. Plaintiff's objection reveals no error by the

3

Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 11) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 10) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September  16 , 2011         /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge